468 A.2d 663

**Jerry Lee BEATTY**

**v.**

**STATE of Maryland.**

**Jack Ronald JONES**

**v.**

**STATE of Maryland.**

**Nos. 179, 366, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Dec. 14, 1983.

628

Karl G. Feissner, Assigned Public Defender, on brief, for appellant, Jerry Lee Beatty.

George E. Burns, Jr., Asst. Public Defender, with whom was Alan H. Murrell, Public Defender, on brief, for appellants, Jack Ronald Jones and Jerry Lee Beatty.

Jillyn K. Schulze, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Arthur A. Marshall, Jr., State's Atty. for Prince George's County and Robert C. Bonsib, Asst. State's Atty. for Prince George's County, on brief, for appellee.

Argued before GILBERT, C.J., WILNER, J., and MORTON, JAMES C., Jr. (Ret'd), Specially Assigned Judge.

GILBERT, Chief Judge.

These appeals, which we have consolidated in one opinion, stem from the kidnapping, rape and murder of Stephanie Ann Roper. The backlash of the sentences imposed for the crimes continues to reverberate in the halls of criminal

tribunals throughout the State. The sentences meted to Jerry Lee Beatty and Jack Ronald Jones have led to these similar appeals.

Beatty entered into a plea bargain with the State's Attorney for St. Mary's County, in which County Miss Roper's assailants were initially charged. In exchange for Beatty's guilty plea to the crimes of murder in the first degree, first degree rape and kidnapping, the prosecutor withdrew a demand for the imposition of the death penalty. Beatty was sentenced in the Circuit Court for Anne Arundel County, to which the case had been removed, to two concurrent life sentences and a concurrent twenty year sentence.

Jack Ronald Jones opted to be tried before a jury. The trial was removed from St. Mary's County to Baltimore County. Jones was found guilty of murder in the first degree, first degree rape and kidnapping. Jones was sentenced to two concurrent terms of life imprisonment and twenty years. The hue and cry that arose was a result of what was perceived by some to be the leniency on the part of the trial judge. We infer that the State's Attorney for Prince George's County was among those who were displeased with the fact that the sentences were not more severe. In any event, even before disposition of the case in St. Mary's County, the Prince George's County prosecutor presented the matter to that political subdivision's grand jury, who in turn indicted Beatty and Jones for the criminal acts perpetrated in that County. Each indictment contained a multitude of averments, but some of them varied slightly as to the allegations.[1]

Beatty and Jones moved to dismiss the indictments. They asserted, *inter alia,* that further prosecution of them was barred by *res judicata,* collateral estoppel and double jeopardy. Judge Jacob S. Levin denied the motions and these appeals ensued. Inasmuch as the issues before us in the two appeals are homogenous, we shall consider them in concert.

---

1. Beatty was charged with the following counts: 1) conspiracy to commit first degree rape; 2) conspiracy to commit second degree

The sole proposition presented to us by the appellants is, "The trial judge erred in denying appellant's motion to dismiss on the basis of double jeopardy." Intertwined by appellants into the double jeopardy question are that subject's next of kin: *res judicata* and collateral estoppel.

Before we explore the depths necessary to resolve the matter, we shall sketch the factual scene from which these cases arose.

### The Facts

Beatty and Jones were charged in St. Mary's County by way of a criminal information with the kidnapping, rape and murder of Stephanie Ann Roper. From the record we glean that in the early morning hours of April 1, 1982, Miss Roper's vehicle was halted on Floral Road in Prince George's County because of three flat tires. Miss Roper was lured into a vehicle driven by Jones. Beatty said that she was told

---

rape; 3) conspiracy to commit first degree sexual offense; 4) conspiracy to commit second degree sexual offense; 5) conspiracy to kidnap; 6) first degree rape; 7) attempted first degree rape; 8) second degree rape; 9) attempted second degree rape; 10) assault with intent to rape; 11) aiding and abetting first degree rape; 12) aiding and abetting second degree rape; 13) aiding and abetting first degree sexual offense; 14) *aiding and abetting attempted first degree sexual offense*; 15) aiding and abetting second degree sexual offense; 16) aiding and abetting attempted second degree sexual offense; 17) accessory after the fact as to first degree rape; 18) accessory after the fact as to second degree rape; 19) accessory after the fact as to assault with intent to rape; 20) accessory after the fact as to first degree sexual offense; 21) accessory after the fact as to second degree sexual offense; 22) kidnapping; 23) false imprisonment; 24) assault and battery; 25) carrying a dangerous weapon openly with intent to injure.

Jones was charged with the same offenses insofar as to counts 1 through 10. Additional counts charged: 11) first degree sexual offense; 12) attempted first degree sexual offense; 13) second degree sexual offense; 14) attempted second degree sexual offense; count 15 corresponds to count 14 of the indictment of Beatty; counts 16, 17, 18 and 19 are the same as in Beatty's indictment; 20) kidnapping; 21) false imprisonment; 22) assault and battery; 23) carrying a dangerous weapon openly with intent to injure.

that they "would give her a ride to her friend's house." Jones and Beatty, however, went past the friend's house and drove to a barn. Miss Roper was raped by each of the men. The barn was located in Prince George's County. Miss Roper was then transported to an abandoned house in St. Mary's County where she was again raped. She tried to flee but was struck on the head by Jones with a logging chain. Little purpose would be served by iterating herein further abhorrent particulars of the crimes. It is sufficient for our purpose to know that Miss Roper was shot to death, and her body was burned.

Beatty and Jones were charged in St. Mary's County. The criminal information averred that they murdered, raped and kidnapped Miss Roper "on or about the 3rd day of April, 1982 at Oakville, St. Mary's County, Maryland."

As we have previously stated, Beatty pleaded guilty in the Circuit Court for Anne Arundel County to the crimes of first degree murder, rape in the first degree and kidnapping. Jones was convicted by a jury in the Circuit Court for Baltimore County of the same offenses.

## The Law

Beatty and Jones, in an effort to prevent further prosecution with the concomitant possibility of additional punishment, invoked the Fifth Amendment's double jeopardy barrier.[2] Double jeopardy, however, is but the root stock of two other distinct concepts: *res judicata* and collateral estoppel. We shall address each.

■ The Court of Appeals in *Cook v. State,* 281 Md. 665, 381 A.2d 671 (1978), *aff'g* 35 Md.App. 430, 371 A.2d 433 (1977), *cert. denied,* 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136, said:

"[U]nder the doctrine of res judicata, sometimes known as direct estoppel, a final and valid judgment rendered in one

---

**2.** The Maryland adherence to the common law protection against being twice placed in jeopardy for the same offense is likewise invoked by appellants.

proceeding between two parties operates as a bar in a second proceeding between them on all matters that have been or could have been decided in the original litigation, where the second proceeding involves the same subject matter as the first cause of action." 281 Md. at 668, 381 A.2d 671.

Such a rationale is applicable to criminal cases as well as civil ones. *Cook v. State, supra,* 281 Md. at 668, 381 A.2d 671; *Rouse v. State,* 202 Md. 481, 486, 97 A.2d 285, 286, *cert. denied,* 346 U.S. 865, 74 S.Ct. 104, 98 L.Ed. 376 (1953); *State v. Coblentz,* 169 Md. 159, 164–66, 180 A. 266, 268 (1935).

The way Beatty and Jones see it in the instant case, when the prosecution was initiated in St. Mary's County, the State's Attorney for that County should have charged *all* of the crimes committed by appellants to the person of Stephanie Ann Roper. Appellants theorize that, "there was one continuous episode, which included abducting Miss Roper in Prince George's County, raping her, carrying her into St. Mary's County, raping her again and murdering her. . . . There is no suggestion that there are now relevant facts relating to the crime[s] not known to the State's Attorney for St. Mary's County at the time of the original charges." In sum, the appellants advance the idea that all charges must be asserted in a single criminal proceeding against a defendant or those not so joined are barred by *res judicata.*

█ What appellants overlook is that the crimes that were committed in the two political subdivisions were separate. The rape of the victim in Prince George's County, together with other sexual violations that took place there, were crimes committed solely within that County. Venue for trial of those crimes was and is Prince George's County, subject, of course, to removal for trial purposes to another county or to the City of Baltimore. The crimes that were begun and completed in Prince George's County could not properly be charged in St. Mary's County. Thus, *res judicata* does not bar prosecution of Beatty and Jones in Prince George's County for the offenses they committed in that County.

■ Collateral estoppel is based on a prior judgment grounded in litigation between the same parties but on a different cause of action. *Cook v. State, supra,* 281 Md. at 668–69, 381 A.2d 671; *MPC, Inc. v. Kenny,* 279 Md. 29, 32–33, 367 A.2d 486, 489 (1977); *see also Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Cousins v. State,* 277 Md. 383, 354 A.2d 825, *cert. denied,* 429 U.S. 1027, 97 S.Ct. 652, 50 L.Ed.2d 631 (1976). "Collateral estoppel, by definition involves the first litigation of a fact in a different case involving a different legal issue. The double jeopardy protection mandates that a person shall not be placed twice in jeopardy for 'the *same* offense.' Collateral estoppel, on the other hand, deals with being placed twice in jeopardy for 'a *different* offense.' If the same offenses were involved, it would not even be called collateral estoppel (coming in from the outside) but rather direct estoppel." R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure* (Michie, 1983) § 37.8.

■ We think that a prerequisite to the invocation of collateral estoppel is the showing that the prosecution has the authority to charge in a single charge document all of the offenses committed by the defendants. In the matter *sub judice,* the State's Attorney for St. Mary's County was without power to prosecute any offense begun and completed within Prince George's County. The kidnapping did not end in Prince George's County even though it began there. Such an offense may be prosecuted in any jurisdiction in which it takes place. *See generally Hunt v. State,* 12 Md.App. 286, 278 A.2d 637 (1971), *cert. denied,* 263 Md. 715 (1971). *See also* Wharton's *Criminal Law,* 14th ed. § 59, where it is stated:

> "Continuing offense has been defined as 'a transaction or series of acts set on foot by a single impulse ... no matter how long a time it may occupy.... It is an offense which continues day by day...."

*See also Ellingham v. State,* 163 Md. 278, 280, 162 A. 709, 710 (1932).

If, for example, a defendant kidnapped a person in Oakland, Garrett County, Maryland, and carried them through Allegany, Washington, Frederick, Montgomery, Prince George's, Charles, Calvert and St. Mary's Counties before being apprehended, any one of those counties could prosecute the defendant. Nevertheless, not more than one could prosecute. This is true because of the continuing nature of the offense. There was one kidnapping and there can be but one prosecution. Where, however, the facts indicate that the same person may have been kidnapped twice or more, then there can be an equal number of prosecutions. To illustrate the point: Had the victim been kidnapped in Charles County, transported to St. Mary's County and there released, but the defendant changes his or her mind and again kidnaps the victim, transporting him or her to Baltimore County, there are two separate kidnappings. The first may be prosecuted in Charles or St. Mary's County, the second in St. Mary's or any other county through which the victim was transported.[3]

■ The rape and sexual offenses committed in Prince George's County upon the person of Miss Roper were not adjudicated in the trial of the offenses that took place in St. Mary's County, hence collateral estoppel is unavailable to preclude prosecution in Prince George's County.

■ The facts in the instant case compel the conclusion however, that but one kidnapping occurred, and it was continuous in nature. Once Miss Roper was seized by the appellants, she was not released, except by death, from them. Because the crime of kidnapping is a continuing offense, the trial of that crime in St. Mary's County terminates the prosecution of it. Therefore, those counts of the indictment that charge Beatty and Jones with kidnapping should have been dismissed. What we have said relative to

---

**3.** The record before us fails to disclose that there was more than one kidnapping, and the assistant attorney general was unable to point to any evidence that suggests otherwise.

kidnapping applies with equal force and effect to the charges directed at false imprisonment, which are merged into the kidnapping allegations. *See Johnson v. State,* 292 Md. 405, 439 A.2d 542 (1982); *Hunt v. State,* 12 Md.App. 286, 278 A.2d 637 (1971).

We shall, therefore, reverse the trial judge with respect to those counts of the indictments that charge kidnapping and false imprisonment and direct the judge, upon remand, to dismiss those particular counts.

■ Irrespective of what we have said with regard to kidnapping, the commission of a substantive offense and the conspiracy to commit it are separate and distinguishable crimes, neither of which merges, upon conviction, into the other. *See Sealfon v. United States,* 332 U.S. 575, 578, 68 S.Ct. 237, 239, 92 L.Ed. 180 (1948). Furthermore, each offense requires proof of elements which are distinct, and the factual showing attendant to each is different even though both have certain facts in common.

■ The conspiracies charged in connection with the rape and sex offense crimes are similarly disparate and are matters which can be litigated in Prince George's County. Beatty and Jones refer us to *Braverman v. United States,* 317 U.S. 49, 53, 63 S.Ct. 99, 101, 87 L.Ed. 23 (1942), which states that a single agreement to commit many crimes "cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one." *Braverman,* however, did not preclude the possibility of charging several conspiracies for several agreements. It is within the realm of possibility that Beatty and Jones conspired to commit rape and other sexual offenses in Prince George's County and later conspired to commit similar crimes in St. Mary's County. It is also plausible that appellants conspired, in one agreement, to commit two rapes in both counties. The resolution of those possibilities must await a trial on the merits.

The constitutional common law protection against double jeopardy differs only in the name. Long before the Fifth Amendment's barrier against double jeopardy was made

applicable to the States via *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), Maryland followed the common law prohibition against "double jeopardy."

The double jeopardy barrier, whether expressed as such or as prior jeopardy or former jeopardy, is designed to guard against an individual's twice being held accountable for the *same* crime. If in the present case there were the possibility of the appellants being charged twice for the *same* crime, the principle of double jeopardy would preclude that trial. The principle, however, is inappropriate to the matter before us, because, as we have seen, the crimes, except kidnapping and false imprisonment, that were committed in Prince George's County are properly triable in that County.

AS TO APPEAL NO. 179, JERRY LEE BEATTY v. STATE, ORDER AFFIRMED AS TO ALL COUNTS EXCEPT COUNTS 22 and 23; ORDER REVERSED ON COUNTS 22 and 23. COSTS TO BE PAID BY APPELLANT.

AS TO APPEAL NO. 366, JACK RONALD JONES v. STATE, ORDER AFFIRMED AS TO ALL COUNTS EXCEPT COUNTS 20 and 21; ORDER REVERSED AS TO COUNTS 20 and 21. COSTS TO BE PAID BY APPELLANT.