508 A.2d 1023

**STATE of Maryland**

v.

**Raist Vernon FERRELL.**

**No. 1239, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

May 19, 1986.

Jillyn K. Schulze, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty. for Baltimore County and Scott Nevin, Asst. State's Atty. for Baltimore County, on brief, Towson), for appellant.

Mark Colvin, Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellee.

Argued before BISHOP, ALPERT and KARWACKI, JJ.

KARWACKI, Judge.

In this case we shall hold that the appellee's prosecution for use of a handgun in the commission of a felony or crime of violence was barred by his former conviction of robbery with a deadly weapon [1] where both prosecutions were based upon a single act of robbery with a handgun. Accordingly, we shall affirm the decision of the Circuit Court for Baltimore County which granted the appellee's motion to dismiss the second prosecution.

The issue arose under facts which can be briefly stated. On December 30, 1984, Raist Vernon Ferrell, the appellee, was a participant in the robbery of Samuel Smith and others at a playground of the Woodmoor Elementary School. One

---

1. Punishable under Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 488. Throughout this opinion we will refer to this crime as "armed robbery."

of the appellee's accomplices in this crime was armed with a handgun. No other weapon was displayed by the robbers.

The appellee was indicted on January 31, 1985 for the armed robberies of Samuel Smith and the other victims. That indictment included counts charging the lesser included offenses within the charges of the armed robberies of the several victims but did not include any counts alleging use of a handgun in the commission of a felony or crime of violence prohibited by Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 36B.

As the scheduled trial date of June 19, 1985 approached, the Assistant State's Attorney assigned to prosecute the case and the appellee's counsel began plea negotiations. It was then that the prosecutor discovered that a handgun count had inadvertently been omitted from the armed robbery indictment. In an attempt to remedy this oversight, the State's Attorney instituted a second criminal proceeding by criminal information charging the appellee with violation of Md.Code, *supra*, Art. 27, § 36B.

On June 19, the armed robbery indictment was called for trial before Judge William R. Buchanan after Judge Edward A. DeWaters, Jr., the county administrative judge, had denied the State's motion for a continuance. Before the trial began the State and the appellee, who was then aware of the pending handgun prosecution which had been instituted by criminal information the day before, concluded a plea agreement which made no mention of the handgun charge. The appellee agreed to plead guilty to a single count in the indictment charging his armed robbery of Samuel Smith in exchange for the State's nolle pros of all other charges in the indictment and Judge Buchanan's acceptance of a recommendation that the appellee's sentence not exceed three years' imprisonment. The plea was then entered and the court ordered a presentence investigation.

A sentencing hearing was not held until October 1, 1985. In the meantime, on July 10, the appellee was arraigned on

the information charging the handgun violation. On August 8, he filed a motion to dismiss that information. As alternatives, he asked the court either to enforce his plea agreement entered in the armed robbery case as a disposition of all charges growing out of his criminal conduct on December 30, 1984, or to permit him to withdraw his plea to the armed robbery of Samuel Smith. That motion was filed in the armed robbery case as well as in the handgun proceeding.

When the armed robbery case came before Judge Buchanan for a sentencing hearing on October 1, the appellee advised the court that notwithstanding the pending handgun case, he would withdraw his alternative motion to strike his plea and submit to sentence on his guilt of the armed robbery to which he had pleaded. Because of a very favorable presentence report on the appellee, an 18 year old with no prior criminal or juvenile record, the court imposed a five year sentence, but suspended all but six months thereof and placed the appellee on a five year supervised probation following his release from incarceration. The appellee did not seek leave to appeal from that judgment pursuant to Md.Code (1974, 1984 Repl.Vol.), § 12–302(e) of the Courts and Judicial Proceedings Article.

Judge Joseph F. Murphy, Jr., after hearing argument of counsel on October 14, 1985, granted the appellee's motion to dismiss the criminal information charging him with the handgun violation reasoning that the appellee's prosecution thereunder was barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.

The pertinent language of the fifth amendment provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." This protection has been incorporated within the due process clause of the fourteenth amendment and is binding upon the states. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). We therefore are bound by the deci-

sions of the Supreme Court of the United States interpreting the reach of the clause.

The State's challenge of the dismissal of its criminal information is grounded on the theory that since the double jeopardy clause would not have prohibited cumulative punishments for armed robbery and the use of a handgun arising from the same incident within a single trial, *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *Whack v. State*, 288 Md. 137, 416 A.2d 265 (1980), *appeal dismissed*, 450 U.S. 990, 101 S.Ct. 1688, 68 L.Ed.2d 189 (1981), the clause presents no bar to successive prosecution of the crimes. The basic flaw in this reasoning is the State's failure to recognize the pluralism of the protection provided by the double jeopardy clause. As is observed in Gilbert and Moylan, *Maryland Criminal Law: Practice and Procedure* § 37.0 at 429 (1983):

> Double jeopardy, today at least though not originally, is hydra-headed. It is an umbrella term—a broad genus. That genus today embraces four distinct species: (1) former jeopardy (with, in turn, its subspecies of (a) former acquittal and (b) former conviction); (2) simultaneous jeopardy; (3) retrial following mistrial; and (4) collateral estoppel. Each of these four distinct species grew up at a different point in time in response to different needs. Each species has its own rules of procedure and its own body of case law precedent. Each species serves a distinct purpose.

In *Missouri v. Hunter, supra*, the Supreme Court held that the double jeopardy clause did not prohibit the imposition of the cumulative sentences for first degree robbery (robbery committed with a deadly weapon) and armed criminal action after the determination of the defendant's guilt of each in a single trial. The Missouri statute proscribing armed criminal action provided:

> [A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall

be punished by imprisonment by the division of corrections for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

Mo.Rev.Stat. § 559.225 (1969, 1976 Supp.).

Emphasizing the significance of the fact that the defendant who was cumulatively sentenced had been subjected to simultaneous jeopardy for both offenses rather than successive jeopardies, the Court explained:

> The Double Jeopardy Clause is cast explicitly in terms of being "twice put in jeopardy." We have consistently interpreted it " 'to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense.' " *Burks v. United States,* 437 U.S. 1, 11, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978), quoting *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). Because respondent has been subjected to only one trial, it is not contended that his right to be free from multiple trials for the same offense has been violated. Rather, the Missouri court vacated respondent's conviction for armed criminal action because of the statements of this Court that the Double Jeopardy Clause also "protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Particularly in light of recent precedents of this Court, it is clear that the Missouri Supreme Court has misperceived the nature of the Double Jeopardy Clause's protection against multiple punishments. With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does *no more than* prevent

the sentencing court from prescribing greater punishment than the legislature intended.

In *Whalen v. United States,* [445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980) ], we addressed the question whether cumulative punishments for the offenses of rape and of killing the same victim in the perpetration of the crime of rape was contrary to federal statutory and constitutional law. A divided Court relied on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), in holding that the two statutes in controversy proscribed the "same" offense.

The opinion in *Blockburger* stated:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.,* at 304, 52 S.Ct., at 182.

In *Whalen* we also noted that *Blockburger* established a rule of statutory construction in these terms:

"The assumption underlying the rule is that Congress *ordinarily* does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the 'same offense,' they are construed not to authorize cumulative punishments *in the absence of a clear indication of contrary legislative intent."* 445 U.S., at 691–692, 100 S.Ct., at 1437–1438 (emphasis added).

We went on to emphasize the qualification on that rule:

"[W]here the offenses are the same ... cumulative sentences are not permitted, *unless elsewhere specially authorized by Congress." Id.,* at 693, 100 S.Ct., at 1438 (emphasis added).

It is clear, therefore, that the result in *Whalen* turned on the fact that the Court saw no "clear indication of contrary legislative intent." Accordingly, under the rule

of statutory construction, we held that cumulative punishment could not be imposed under the two statutes.
459 U.S. at 365–67, 103 S.Ct. at 677–79.

.        .        .        .        .

Where, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct under *Blockburger*, a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.
459 U.S. at 368–69, 103 S.Ct. at 679.

■ Thus, the Court has made clear that the *Blockburger* required evidence test of whether offenses are the same is only a starting point for the analysis of whether multiple punishment may be imposed upon a criminal defendant who at a single trial is found guilty of offenses committed in the same incident. Where he is subjected to simultaneous jeopardy for those offenses at one trial, whether cumulative punishment for them may be imposed depends upon the intent of the legislature which mandated the punishment. Where the intent to authorize such punishment is unmistakable, nothing in the double jeopardy clause will bar its imposition.

■ The Court of Appeals in *Whack v. State, supra,* without deciding whether armed robbery and use of a handgun in that felony were the same offense under the *Blockburger* test, held that the double jeopardy clause did not bar the imposition of consecutive sentences for those offenses where the defendant's guilt of each was determined in a single trial. The Court stated:

Assuming that the two offenses should be deemed the same under the required evidence test of *Blockburger,* what we said in *Newton v. State, supra,* 280 Md. [260] at 274 n. 4 [373 A.2d 262], is dispositive:

"It should be noted, however, that under certain circumstances, multiple punishment ... for offenses

deemed the same under the required evidence test do[es] not violate the Fifth Amendment prohibition against double jeopardy.... [T]he legislature may indicate an express intent to punish certain conduct more severely if particular aggravating circumstances are present by imposing punishment under two separate statutory offenses which otherwise would be deemed the same under the required evidence test...."

The Legislature's concern about the use of a weapon to intimidate a robbery victim, and its additional concern when that weapon is a handgun, is certainly not unreasonable. When it expressly shows an intent to punish, under two separate statutory provisions, conduct involving those aggravating factors, the Fifth Amendment's double jeopardy prohibition has not heretofore been regarded as a bar. (Footnote omitted).

288 Md. at 149–50, 416 A.2d 265. Where the legislative intent has not been clearly expressed, the rule of lenity applicable under the double jeopardy clause mandates that multiple sentences not be imposed for offenses deemed to be the same under *Blockburger*. *Whalen v. United States, supra,* 445 U.S. at 694, 100 S.Ct. at 1439; *cf. Newton v. State,* 280 Md. 260, 373 A.2d 262 (1977).

The Supreme Court has viewed the concept of "same offense" differently when considering the bar of former jeopardy in a subsequent prosecution. In *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the Court vacated a judgment of the Illinois Supreme Court that a prosecution for involuntary manslaughter of the driver of an automobile which collided with two pedestrians fatally injuring them was barred by the previous conviction of the driver of the traffic offense of failing to reduce speed to avoid an accident based upon the same occurrence. Because it was not clear from the record as to what reckless acts the prosecution would rely on to prove its manslaughter case, the Court remanded the case for that determination. The Court instructed:

If, as a matter of Illinois law, a careless failure to slow is always a necessary element of manslaughter by automobile, then the two offenses are the "same" under *Blockburger* and Vitale's trial on the latter charge would constitute double jeopardy under *Brown v. Ohio.* In any event, it may be that to sustain its manslaughter case the State may find it necessary to prove a failure to slow or to rely on conduct necessarily involving such failure; it may concede as much prior to trial. In that case, because Vitale has already been convicted for conduct that is a necessary element of the more serious crime for which he has been charged, his claim of double jeopardy would be substantial under *Brown* and our later decision in *Harris v. Oklahoma,* 433 U.S. 682 [97 S.Ct. 2912, 53 L.Ed.2d 1054] (1977). (Footnote omitted).

447 U.S. at 419–20, 100 S.Ct. at 2266–67. In *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), the Court stressed the various purposes of the double jeopardy clause, observing:

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce,* 395 U.S. 711, 717 [89 S.Ct. 2072, 2076, 23 L.Ed.2d 656] (1969) (footnotes omitted). Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. See *Gore v. United States,* 357 U.S. 386 [78 S.Ct. 1280, 2 L.Ed.2d 1405] (1958); *Bell v. United States,* 349 U.S. 81 [75 S.Ct. 620, 99 L.Ed. 905] (1955); *Ex parte Lange,* 18 Wall. [85 U.S.] 163 [21 L.Ed. 872] (1874). Where successive prosecutions are at stake, the guarantee serves "a constitutional policy of finality for the defendant's benefit." *United States v. Jorn,* 400 U.S. 470, 479 [91 S.Ct. 547, 554, 27 L.Ed.2d 543] (1971) (plurality opinion). That

policy protects the accused from attempts to relitigate the facts underlying a prior acquittal, see *Ashe v. Swenson,* 397 U.S. 436 [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970); *cf. United States v. Martin Linen Supply Co.,* 430 U.S. 564 [97 S.Ct. 1349, 51 L.Ed.2d 642] (1977), and from attempts to secure additional punishment after a prior conviction and sentence, see *Green v. United States,* 355 U.S. 184, 187–188 [78 S.Ct. 221, 223–224, 2 L.Ed.2d 199] (1957); *cf. North Carolina v. Pearce, supra.*

432 U.S. at 165–66, 97 S.Ct. at 2225. The Court relied on the *Blockburger* test in determining that the double jeopardy clause barred the subsequent prosecution of a defendant for automobile theft following his previous conviction for unauthorized use of that automobile. But in doing so, the Court pointed out:

The *Blockburger* test is not the only standard for determining whether successive prosecutions impermissibly involve the same offense. Even if two offenses are sufficiently different to permit the imposition of consecutive sentences, successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first. Thus in *Ashe v. Swenson,* 397 U.S. 436 [90 S.Ct. 1189, 25 L.Ed.2d 469] (1970), where an acquittal on a charge of robbing one of several participants in a poker game established that the accused was not present at the robbery, the Court held that principles of collateral estoppel embodied in the Double Jeopardy Clause barred prosecutions of the accused for robbing the other victims. And in *In re Nielsen,* 131 U.S. 176 [9 S.Ct. 672, 33 L.Ed. 118] (1889), the Court held that a conviction of a Mormon on a charge of cohabiting with his two wives over a 2½-year period barred a subsequent prosecution for adultery with one of them on the day following the end of that period.

In both cases, strict application of the *Blockburger* test would have permitted imposition of consecutive sentences had the charges been consolidated in a single proceeding. In *Ashe,* separate convictions of the robbery of each

victim would have required proof in each case that a different individual had been robbed. See *Ebeling v. Morgan*, 237 U.S. 625 [35 S.Ct. 710, 59 L.Ed. 1151] (1915). In *Nielsen*, conviction for adultery required proof that the defendant had sexual intercourse with one woman while married to another; conviction for cohabitation required proof that the defendant lived with more than one woman at the same time. Nonetheless, the Court in both cases held the separate offenses to be the "same" for purposes of protecting the accused from having to " 'run the gantlet' a second time." *Ashe, supra,* [397 U.S.] at 446 [90 S.Ct. at 1195], quoting from *Green v. United States*, 355 U.S. 184, 190 [78 S.Ct. 221, 225, 2 L.Ed.2d 199] (1957).

432 U.S. at 166 n. 6, 97 S.Ct. at 2226 n. 6. And in *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977), the Supreme Court held that the prior conviction of a defendant for felony murder, where the record reflected that the underlying felony was armed robbery, barred his subsequent prosecution for that armed robbery. The Court, quoting from *In re Nielsen*, 131 U.S. 176, 188, 9 S.Ct. 672, 33 L.Ed. 118 (1889), reasoned:

> "[A] person [who] has been tried and convicted for a crime which has various incidents included in it, ... cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence." *In re Nielsen, supra,* at 188 [9 S.Ct. at 676].

433 U.S. at 683, 97 S.Ct. at 2913.

In these cases the Supreme Court has emphasized that the interest of according finality to prior criminal litigation is of paramount importance when considering an issue of whether a criminal prosecution should be barred by a previous conviction or acquittal of the accused. The Court of Appeals commented on this protection of the double jeopardy clause in *Cook v. State*, 281 Md. 665, 668–69, 381 A.2d 671, *cert. denied,* 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978):

It is beyond question that the closely related doctrines of res judicata and collateral estoppel apply to criminal as well as civil causes. *Rouse v. State,* 202 Md. 481, 486, 97 A.2d 285, *cert. denied,* 346 U.S. 865 [74 S.Ct. 104, 98 L.Ed. 376] (1953); *State v. Coblentz,* 169 Md. 159, 164–66, 180 A. 266 (1935); *see also United States v. Oppenheimer,* 242 U.S. 85, 87, 37 S.Ct. 68, 61 L.Ed. 161 (1916). *See generally* Annot., 9 A.L.R.3d 203 (1966).[2] Suffice it to say that under the doctrine of res judicata, sometimes known as direct estoppel, a final and valid judgment rendered in one proceeding between two parties operates as a bar in a second proceeding between them on all matters that have been or could have been decided in the original litigation, where the second proceeding involves the same subject matter as the first cause of action. *MPC, Inc. v. Kenny,* 279 Md. 29, 32, 367 A.2d 486 (1977); *Sterling v. Local 438,* 207 Md. 132, 140–41, 113 A.2d 389, *cert. denied,* 350 U.S. 875 [76 S.Ct. 119, 100 L.Ed. 773] (1955). On the other hand, where a prior judgment is relied upon to preclude a second adjudication of some previously determined factual or legal issue in subsequent litigation between the same parties concerning a different cause of action, courts apply the doctrine of collateral estoppel. *MPC, Inc. v. Kenny,* 279 Md. at 32–33 [367 A.2d 486]. *See also Wash. Sub. San. Comm'n v. TKU Associates,* 281 Md. 1, 18–19, 376 A.2d 505 (1977). Under this latter doctrine, once an issue of ultimate fact has been determined by a final and valid judgment, that issue cannot again be litigated between the same parties in any future lawsuit. *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *Cousins v. State,* 277 Md. 383, 398, 354 A.2d 825, *cert. denied,* 429 U.S. 1027 [97 S.Ct. 652, 50 L.Ed.2d 631] (1976).

---

2 When applied to criminal cases, both res judicata and collateral estoppel acquire a constitutional dimension by reason of the Double Jeopardy Clause of the Fifth Amendment, made applicable to the states as a result of *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25

L.Ed.2d 469 (1970); *see Cousins v. State,* 277 Md. 383, 388, 354 A.2d 825 (1976); *Bennett v. State,* 229 Md. 208, 212, 182 A.2d 815, 4 A.L.R.3d 862 (1962).

■ We deal in the case *sub judice* with successive prosecutions for offenses committed in one criminal episode. We therefore conclude that our determination of whether the handgun prosecution was barred by the appellee's former conviction of armed robbery must be based on a broader perspective than a strict application of the *Blockburger* required evidence test to the statutes imposing the criminal penalties for these offenses.[2] Rather, we must examine the issues which were actually litigated in the armed robbery prosecution and those which were presented by the handgun information. *Copsey v. State,* 67 Md.App. 223, 507 A.2d 186 (1986); *Beatty v. State,* 56 Md.App. 627, 56 Md.App. 627 (1983), *cert. denied,* 299 Md. 425, 474 A.2d 218, *cert. denied,* —— U.S. ——, 105 S.Ct. 170, 83 L.Ed.2d 105 (1984). Clearly, the armed robbery litigation has been concluded by a final judgment unlike the proceeding examined in *Cook v. State, supra.* The jeopardy to which the appellee had been subjected therein has ended. The guilty plea of the appellee to armed robbery was necessarily supported by a statement of the factual basis for that plea. Rule 4–242(c). The record of the proceedings before Judge Buchanan demonstrates that the conduct of the appellee which permitted the court to accept his plea involved his participation in the robbery of Samuel Smith with a single handgun possessed by one of the appellee's accomplices. No other weapon was used by him or the other robbers to threaten the victim. A finding of a factual basis supporting the use of that handgun in the robbery was essential to the court's final judgment convicting the appellee of armed

---

**2.** Whether these offenses are the same under that test has not been decided by the Court of Appeals which noted in *Whack v. State, supra:* "The analysis in *Illinois v. Vitale, supra,* and *Newton v. State,* 280 Md. 260, 373 A.2d 262 (1978), would suggest that they should be deemed the same under the required evidence test. But *cf. Couplin v. State,* 37 Md.App. 567, 579–582, 378 A.2d 197 (1977), *cert. denied,* 281 Md. 735 (1978), for a different view." 288 Md. at 149 n. 5, 416 A.2d 265.

robbery and sentencing him for his crime. *State v. Priet,* 289 Md. 267, 424 A.2d 349 (1981); *English v. State,* 16 Md.App. 439, 298 A.2d 464, *cert. granted,* 268 Md. 748 (1973), *cert. dismissed as improvidently granted,* July 3, 1973.

It is also undisputable that the criminal information which was dismissed below charged the appellee with the use of the *same handgun* in the *same armed robbery* of Samuel Smith. We believe that issue was finally adjudicated in the prior proceeding. The State's attempt to relitigate that issue in a subsequent criminal proceeding is repugnant to the letter as well as the spirit of the double jeopardy clause.

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY BALTIMORE COUNTY.