543 A.2d 897

**Michael GRANT**

v.

**STATE of Maryland.**

**No. 1611, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

July 13, 1988.

Certiorari Granted Oct. 13, 1988.

Nancy S. Forster, Asst. Public Defender, Alan H. Murrell, Public Defender, Baltimore, for appellant.

Ann N. Bosse, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Sandra A. O'Connor, State's Atty. for Baltimore County, Christine Gage and Arthur Kravetz, Asst. State's Attys. for Baltimore County on the brief, Towson), for appellee.

Submitted before ALPERT, ROSALYN B. BELL and WENNER, JJ.

WENNER, Judge.

Appellant, Michael Grant, was convicted in a bench trial in the Circuit Court for Baltimore County (Brizendine, J.) of storehouse breaking with the intent to steal goods valued at $300 or more. He was sentenced to five years imprisonment. Upon this appeal, appellant contends that his conviction was barred by the doctrines of collateral estoppel and double jeopardy. He also contends that the trial judge erred in admitting into evidence an inventory sheet showing items missing from a warehouse and in allowing witnesses to testify concerning the missing inventory. Inasmuch as we find no merit to his contentions, we shall affirm the judgment of the circuit court.

## I

In March of 1984, appellant entered an Alford[1] plea in the Circuit Court for Baltimore City to a charge of theft of goods with a value of $300 or greater. The charge was based on an incident which had occurred the previous November when appellant was found in possession of recently stolen goods. Appellant was convicted and received a one year sentence, which was suspended in favor of one year's probation.

---

1. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

In April of 1984, appellant was tried in Baltimore County for storehouse breaking with intent to steal. At that trial, Charles Brockey, the warehouse manager for Richard Horsey, Inc., a Baltimore County household appliance dealer, testified. Brockey said that he had received a phone call on November 3, 1983 from police officers who told him that items belonging to Richard Horsey, Inc. had been recovered in Baltimore City. Brockey testified that he had secured the warehouse the night before. He also had a list of items missing from the warehouse. Another witness also testified concerning items missing from the warehouse.

Officer William White of the Baltimore City Police Department testified that about 5:45 a.m. on November 3 he saw a pickup truck parked behind some abandoned houses in Baltimore City. When he approached the truck, the officer found appellant asleep in the front seat. The officer noticed several large boxes marked "Richard Horsey, Inc." in the bed of the truck. Officer White woke appellant and asked for identification. Appellant furnished proper identification for himself and the truck, but had no papers for the boxes. After the officer learned that Richard Horsey, Inc.'s warehouse had been burglarized, appellant was arrested.

Appellant testified on his own behalf and said that a friend had approached him on November 2, 1983, and asked if he wanted to make some money moving closets. Appellant met the friend at 12:30 a.m. on a street corner in Baltimore City and appellant's truck was loaded with boxes. Appellant was instructed to deliver the boxes to "Bunny's", behind some vacant houses. Appellant said he fell asleep in the truck while waiting for "Bunny."

As we have already noted, appellant was convicted of storehouse breaking with intent to steal. At sentencing, defense counsel presented the argument which appellant renews on appeal: that because appellant had been convicted in Baltimore City of theft, he could not be tried and convicted of storehouse breaking in Baltimore County based

on the same facts. His argument is based on the proposition recognized at common law that the receiver of stolen goods could not also be the thief. *See Hinton v. State,* 36 Md.App. 52, 57, 373 A.2d 39 (1977). We see it somewhat differently.

Initially, we note that as the crimes of storehouse breaking with intent to steal and theft are not the same crime, *see Williams v. State,* 205 Md. 470, 478–79, 109 A.2d 89 (1954), the doctrine of *res judicata* is not applicable. *Beatty v. State,* 56 Md.App. 627, 634, 468 A.2d 663 (1983), *cert. denied,* 299 Md. 425, 26, 474 A.2d 218 (1984), *cert. denied,* 469 U.S. 851, 105 S.Ct. 170, 83 L.Ed.2d 105 (1984).

Nor do we think appellant's conviction in Baltimore County is barred by collateral estoppel. That doctrine holds that "once an issue of fact has been litigated by the two parties, that fact is entitled to recognition in any other litigation between those same parties." R. Gilbert and C. Moylan, *Maryland Criminal Law: Practice and Procedure,* § 37.8, p. 449 (1983). Appellant posits that the issue of fact already litigated and determined in Baltimore City was that he was the receiver of the stolen property, and, therefore, not the person who broke into the warehouse in Baltimore County. We do not agree.

In Baltimore City, appellant was convicted of "theft" which is defined as any one of several acts set out in Md.Ann.Code art. 27, § 342 (1987 Repl.Vol.). According to the comments of defense counsel during the determination of the voluntariness of appellant's Alford plea, it was apparently understood that the basis of the State's case was that appellant was the receiver of the stolen property. Possession, however, and not receiving, is the proscribed activity under the statute. § 342(c). Conviction of theft by virtue of possession carries with it no inference that the possessor is not the thief; the fact that the possessor *is* the thief is not a defense. § 342(c)(3)(ii). Moreover, as the Court of Appeals explained in *Rice v. State,* 311 Md. 116, 532 A.2d 1357 (1987), when a person is found in possession of recently stolen goods, the need for choosing between inferences

has been eliminated by the consolidation of the various possible offenses into one single offense—theft. *Id.* at 125, 532 A.2d 1357.

Appellant's conviction in Baltimore County was, as we have said, of storehouse breaking with intent to steal pursuant to art. 27, § 32. That offense contains no element of larceny. *See also Williams,* 205 Md. at 478–79, 109 A.2d 89. Thus, there was never any need in the case *sub judice* to establish by inference whether appellant was the receiver or the thief.

■ Nor was there any error in trying and convicting appellant of the two offenses in different jurisdictions. Theft is a continuing crime. *Peaper and Lowe v. State,* 14 Md.App. 201, 204–08, 286 A.2d 176 (1972), *cert. denied,* 409 U.S. 987, 93 S.Ct. 342, 34 L.Ed.2d 253 (1972). As such, it may be prosecuted in any county in which it occurs. Thus, when appellant was found in Baltimore City in possession of stolen goods, he was properly tried and convicted there. *Beatty,* 56 Md.App. at 635, 468 A.2d 663; *Peaper and Lowe,* 14 Md.App. at 208, 286 A.2d 176.

Storehouse breaking with the intent to steal, on the other hand, is a separate crime. That crime was begun and completed in Baltimore County and was, therefore, properly prosecuted there. *Beatty,* 56 Md.App. at 634, 468 A.2d 663. Accordingly, we hold that appellant's conviction in Baltimore County of storehouse breaking with intent to steal was barred neither by double jeopardy, nor collateral estoppel.[2]

---

**2.** We do not use the terms double jeopardy and collateral estoppel to indicate two separate protections. Rather, collateral estoppel is one species of protection afforded by the double jeopardy clause. *See State v. Ferrell,* 67 Md.App. 631, 643–45, 508 A.2d 1023 (1986) (There we held that the factual basis of a prosecution for use of a handgun in the commission of a felony was essential to an earlier judgment convicting the defendant of armed robbery based on the same criminal episode. The second prosecution for use of a handgun, therefore, was barred by the double jeopardy clause.).

## II

Appellant also asserts that the trial court erred in allowing testimony concerning an inventory sheet from Richard Horsey, Inc. which listed items missing from the warehouse, and in admitting into evidence the inventory sheet itself. Appellant claims that the inventory sheet, which contained references to inventory missing from an October 25, 1983 break-in,[3] and testimony concerning it, amounted to inadmissible evidence of other crimes. Unfortunately for appellant, this issue has not been preserved for review.

■ The record reveals that before appellant's counsel made any objection to the inventory sheet, James Brockey, the warehouse manager, had testified that the sheet reflected items taken during both the October 25 and November 2 break-ins, and reflected items recovered in Baltimore City on November 3. Defense counsel objected at one point, apparently on the ground that the witness was reading from the sheet rather than using it to refresh his recollection. That objection was overruled and the witness continued to testify concerning the sheet. Counsel made no motion to strike any of that testimony.

Another witness, a vice president of Horsey, also testified about the inventory sheet, without objection.

Officer White of the Baltimore City Police also testified and, before any objection was made, answered questions that indicated that several of the items recovered on November 3 corresponded to items on the inventory sheet. No motion to strike his testimony was made.

At the time the inventory sheet was offered into evidence, defense counsel objected on the ground that it was hearsay and did not qualify under the business records exception to the hearsay rule.

Appellant's complaint about the admission of this evidence came too late. By the time the inventory sheet was

---

3. The break-in which gave rise to the case *sub judice* occurred on November 2, 1983.

**172**

offered into evidence, three witnesses had testified as to its contents. Inasmuch as no motion to strike that testimony was made by appellant's counsel, the issue has not been preserved for review. Md.Rule 1085; *see also Agnew v. State,* 51 Md.App. 614, 645, 446 A.2d 425, *cert. denied,* 294 Md. 441 (1982).

We also point out that, as we said earlier, defense counsel's objection to the admission of the inventory sheet was on the ground that it did not qualify under the business record exception to the hearsay rule. Appellant may not now, upon appeal, assert error on a different ground from that claimed in the circuit court. *Brecker v. State,* 304 Md. 36, 39–40, 497 A.2d 479 (1985). In any event, given its cumulative nature, we would have held any error in the admission of the inventory sheet to be harmless beyond a reasonable doubt. *Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665 (1976).

JUDGMENT AFFIRMED;

COSTS TO BE PAID BY APPELLANT.