569 A.2d 1237

**Michael GRANT**

v.

**STATE of Maryland.**

**No. 85, Sept. Term, 1988.**

Court of Appeals of Maryland.

Feb. 21, 1990.

674

Nancy S. Forster, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner.

Valerie J. Smith, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL *, JJ.

---

* Blackwell, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

 **675**

BLACKWELL, Judge.

We are asked in this appeal to decide whether a defendant may be convicted of storehouse breaking with intent to steal goods in one jurisdiction, when he has previously been convicted of theft by possessing the same stolen goods in another jurisdiction. We shall hold that under the facts of this case, the collateral estoppel form of double jeopardy acts as a bar.

At approximately 5:45 a.m. on November 3, 1983, Baltimore City Police Officer William White ("White") spotted a truck which was missing one of its registration tags parked behind an abandoned house in Baltimore City. In an effort to identify the owner, White approached the truck. There he found Petitioner Michael Grant ("Grant") sleeping in the front seat. Next, he noticed five cartons of "Royal Chef" appliances (gas ranges and dishwashers) in the rear of the truck. Each box was addressed to a Mr. Richard Horsey ("Horsey"), later found to be the proprietor of Kitchen Appliance Warehouse, a store located in Baltimore County. According to Horsey, the boxes of appliances were locked and secured in his warehouse until November 2, 1983, when someone broke into the warehouse and stole them.

Petitioner was charged with theft under Maryland's consolidated theft statute in the Circuit Court for Baltimore City, the jurisdiction in which he was found in possession of the stolen goods. Maryland Code (1957, 1987 Repl.Vol., 1989 Cum.Supp.), Article 27, § 342. As a result of negotiations,[1] he entered an *Alford* plea,[2] and received a one-year suspended sentence with one year of probation.

---

1. There is some confusion in the record whether the attorney representing Appellant in the Circuit Court for Baltimore City negotiated a plea agreement which would apply both to Appellant's charges in Baltimore City *and* Baltimore County. Grant's attorney in the Baltimore County trial stated the following:

 I want to put on the record preliminarily that my client had advised me that he entered into plea negotiations with the State's Attorney's Office for Baltimore City with regards to charges being brought in Baltimore City and Baltimore County, that he understood that if he

2. See note 2 on page 676.

Simultaneously, and arising out of the same transaction, Petitioner was charged with storehouse breaking with intent to steal the very same goods found in his possession in Baltimore City. Md.Code Art. 27, § 342. This time, however, he was charged in the Circuit Court for Baltimore County, the jurisdiction in which the warehouse-breaking

---

> pleaded to the count in Baltimore City that, and as part of his agreement he would receive a one year suspended sentence, and that he would testify against another Defendant who is involved in this particular case, Mr. Ford. In exchange for that agreement, and for his testimony against Mr. Ford for a case to be brought in Baltimore County, that the charges here would be dismissed.
>
> I have not been able to verify that in any manner.... someone else with the Public Defender's Office had advised me that no arrangements had actually been made with Baltimore County, but this was just possibly a recommendation that was made.

In the prior trial in Baltimore City, the attorney acting on behalf of the State stated the following for the record:

> Let the record reflect, Mr. Grant is present at the bench conference again in plea negotiations. The State will not make a recommendation. Again, it is my understanding that as a condition of probation, the defendant will testify truthfully in a subsequent trial in Baltimore County. Baltimore County may be interested in using his testimony; I don't know. If they do call him, part of the condition is that the defendant will testify truthfully for the State of Maryland in Baltimore County in the case.

Petitioner's attorney in that trial next stated that she had:

> explained to the defendant that while the State is making no recommendation, that in chambers the State requested that the defendant, as a condition of his probation *or not going to jail,* be made to testify truthfully against the codefendant in the Baltimore County trial, if requested by either the State's Attorney of Baltimore City or Baltimore County to do so, and he has advised me he will testify truthfully in the codefendant trial if asked by either the Assistant State's Attorney handling the case in the county or the city prosecutor's office....,

and finally:

> Do you understand that in return for an *Alford* guilty plea, that the State will be making no recommendation other than that which they put on the record at the bench, and His Honor has not committed himself to a formal disposition, only that *it will not involve incarceration;* do you understand that? [Emphasis added.]

**2.** Under the holding of *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), a criminal defendant maintaining his innocence has the right to plead guilty if his decision is voluntarily and knowingly made, and there is a strong factual predicate for the plea.

occurred. Petitioner was convicted on the Baltimore County charges and eventually [3] received a five-year sentence. He appealed to the Court of Special Appeals.

The Court of Special Appeals affirmed Petitioner's Baltimore County conviction holding that collateral estoppel was not a bar, although it also concluded that "it was apparently understood that the basis of the State's case was that the [Petitioner] was the receiver of the stolen property." *Grant v. State*, 76 Md.App. 165, 169, 543 A.2d 897, 899 (1988). Grant petitioned this Court and we granted *certiorari*. We shall reverse.

■ Under the consolidated theft statute, the crime of "receiving stolen goods" is no longer recognized by that name.[4] Art. 27, § 342. Instead, the statute refers to "possession of stolen goods," incorporating the crime of "receiving stolen goods" in the following subsections:

(c) *Possession of stolen property.*—(1) A person commits the offense of theft if he possesses stolen property knowing that it has been stolen, or believing that it has probably been stolen, and:

---

**3.** When Petitioner was convicted of storehouse breaking with intent to steal, disposition was set for July 1984. He failed to appear for sentencing at that time. He was later arrested on a bench warrant. In November 1987, Petitioner was sentenced to five years in prison.

**4.** In the Baltimore City trial on the merits, Petitioner's attorney informed Petitioner of the charge against him, stating:

Do you understand that the crime which you are pleading guilty to is theft, while receiving stolen goods over $300; do you understand that?

Neither the court nor the prosecuting attorney objected to this description of the charge. Later, informing Petitioner of the facts to be entered by the State, his attorney stated:

It is my understanding that the State will read into the record that you were located in Baltimore City and that you would be presumed to be the receiver of stolen goods that were stolen earlier that day; is that correct?

Again, there were no objections to this statement. We conclude, as did the Court of Special Appeals, that Grant believed he was pleading guilty to theft by possession of stolen goods, and further, that the State based its Baltimore City case on that fact.

(i) Has the purpose of depriving the owner of the property; or

(ii) Willfully or knowingly uses, conceals, or abandons the property in such a manner as to deprive the owner of the property; or

(iii) Uses, conceals, or abandons the property knowing such use, concealment, or abandonment probably will deprive the owner of the property.

(2) The requisite knowledge may be inferred in the case of a person in the business of buying or selling goods who:

(i) Is found in possession or control of property stolen from two or more persons on separate occasions; or

(ii) During the year preceding the criminal possession charged, has acquired stolen property in a separate transaction; or

(iii) Being a person in the business of buying or selling property of the sort possessed, acquired it for a consideration which he knew was far below its reasonable value.

Md. Code Art. 27, §§ 342(c)(1)–(2).

■ The underlying issue in this case is the effect of the consolidated theft statute on a proposition of logic long-recognized by the common law: A person cannot be both the receiver of stolen goods and the one who stole them; that is, a person cannot steal and then receive from himself. *Bell v. State*, 220 Md. 75, 81, 150 A.2d 908, 911 (1959); *Heinz v. State*, 184 Md. 613, 617, 42 A.2d 128, 130 (1945).

We were recently asked to interpret the consolidated theft statute, Art. 27, §§ 342–44, in *Rice v. State*, 311 Md. 116, 532 A.2d 1357 (1987). There, we were urged to accept the contention that because subsections (a) and (c) of the statute contain different *actus reus* elements and are basically renovated versions of larceny and receiving stolen goods—two crimes with very different common law origins—they are conceptually distinct crimes.[5] *Id.* at 123, 532

---

5. Subsection (a) states:

A.2d at 1360. We held that the subsections were not autonomous offenses but rather one crime defined two ways. *Id.* at 136, 532 A.2d at 1367. Nevertheless, speaking for the Court, Chief Judge Murphy further observed that,

> courses of conduct different from and inconsistent with each other may come within the proscriptive ambit of these subsections. Rice could not have both stolen the Resnick property and possessed it as stolen property, a fact which deserves significant weight.

*Id.* at 135, 532 A.2d at 1366.

■ The consolidated theft statute, then, has preserved the common law proscription against being both the thief and receiver of the same stolen goods. *Id.* And although the crime once known as "receiving stolen goods" is now incorporated into the theft statute as "possession of stolen goods," it is still inconsistent to be both the thief and possessor of the same stolen goods. *Id.* This presents double jeopardy concerns in the case at hand.

■ The form of double jeopardy known as collateral estoppel, as it is recognized by the courts of both Maryland and the United States, "is that once an issue of fact has been litigated by the two parties, that fact is entitled to recognition in any other litigation between those same parties." R. Gilbert & C. Moylan, Jr., *Maryland Criminal Law: Practice and Procedure* 449 (1983); *Ferrell v. State,* 318 Md. 235, 241, 567 A.2d 937, 940 (1990); *Robinson v. State,* 307 Md. 738, 742, 517 A.2d 94, 96 (1986). The issue that was fully and finally litigated in Grant's first trial, and

---

(a) Obtaining or exerting unauthorized control.—A person commits the offense of theft when he willfully or knowingly obtains control which is unauthorized or exerts control which is unauthorized over property of the owner, and:

(1) Has the purpose of depriving the owner of the property; or
(2) Willfully or knowingly uses, conceals, or abandons the property in such a manner as to deprive the owner of the property; or
(3) Uses, conceals, or abandons the property knowing the use, concealment, or abandonment probably will deprive the owner of the property.

Md.Code, Art. 27, § 342(a).

that is germane to the issue of collateral estoppel here, is that Grant was a "receiver" of the goods stolen from the warehouse in Baltimore County. This adjudication precluded a subsequent finding that Grant was the person who stole those goods.

■■■ Under some circumstances, this issue preclusion would not foreclose a subsequent prosecution for breaking with the intent to steal. Stealing property, and breaking a storehouse with intent to steal the same property, are separate offenses. *Williams v. State*, 205 Md. 470, 479–80, 109 A.2d 89, 94–95 (1954). The impact of collateral estoppel is felt in this case only because the State's proof of Grant's involvement in the breaking depended entirely upon an inference that Grant was the thief—an inference that was not available to the State because of the previous adjudication that Grant was the receiver, and hence not the thief.

There were no witnesses who placed Grant at the scene of the breaking, or who involved him in the breaking in any way. The State proved that a breaking occurred, and that property had been stolen as a result of the breaking. From this the jury could have found the corpus delicti—that the crime of breaking a storehouse with the intent to steal had been committed by someone. There remained to be proven the criminal agency of the defendant. This the State sought to prove solely by evidence that Grant had been found in exclusive possession of the recently stolen property.

■■■ Ordinarily, the unexplained, exclusive possession of recently stolen goods permits an inference that the possessor is the thief.[6] *Cross v. State*, 282 Md. 468, 480, 386 A.2d 757, 765 (1972). And when it is shown that the property was stolen as a consequence of a breaking, the trier of fact may further infer that the thief was involved in

---

6. Where there is evidence that someone other than the possessor was the thief, an inference may be drawn that the possessor was a receiver of stolen property. *Jordan v. State*, 219 Md. 36, 47–48, 148 A.2d 292, 299, *cert. denied*, 361 U.S. 849, 80 S.Ct. 105, 4 L.Ed.2d 87 (1958).

the breaking. *Brewer v. Mele,* 267 Md. 437, 449, 298 A.2d 156, 164 (1972).

In the absence of the previous adjudication in Baltimore City, the State's evidence in the Baltimore County case would have been sufficient to allow the jury to find Grant guilty of the breaking, through the use of the inferences. Because the State had previously participated in the adjudication that Grant was the receiver of the stolen goods, however, and because a receiver cannot also be the thief, the State was precluded from relying on the otherwise permissible inference that Grant was the thief. Without the finding, by inference or otherwise, that Grant was the thief, the subsequent inference that Grant participated in the breaking was also unavailable.

In short, although the State might have convicted Grant of storehouse breaking if it had produced independent evidence of his involvement in the breaking, the State was in this instance precluded from relying on inferences flowing from his unexplained possession of recently stolen property to establish that fact. Because a review of the record shows that the State's proof of breaking depended entirely upon the precluded inference, the conviction must be reversed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED.*

*CASE REMANDED TO THAT COURT FOR AN ORDER REVERSING THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY.*

*COSTS IN THIS COURT AND THE COURT OF SPECIAL APPEALS TO BE PAID BY BALTIMORE COUNTY.*